UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-440-RGJ

TONY F. MARTIN                                                                    Plaintiff

v.

FORD MOTOR COMPANY                                                        Defendant

* * * * *

## MEMORANDUM OPINION AND ORDER

Defendant Ford Motor Company ("Ford") moves to dismiss [DE 5]. In response, Plaintiff Tony F. Martin ("Martin") moved to Proceed with Case [DE 6], and Supplement [DE 7]. Ford responded to Martin's Motion to Proceed. [DE 8]. Martin then moved for a Fast and Speedy Trial [DE 9]. Ford did not respond. The matter is ripe. For the reasons below, the Court **DENIES** Ford's Motion to Dismiss [DE 5], **DENIES** Martin's Motion to Proceed with Case [DE 6] and Motion for Fast and Speedy Trial [DE 9] but permits Martin to **AMEND** his complaint as set forth below.

## I.      BACKGROUND

In June 2020, Martin filed a *pro se* complaint ("Complaint") against Ford using a court-approved complaint form. [DE 1].  Martin claims discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. [DE 1 at 4, 5]. Under the "Statement of Claim" section, Martin checked boxes for "[u]nequal terms and conditions of my employment" and "[r]etaliation" to describe the discriminatory conduct he alleges. *Id*. at 5.  He listed "1/14/2020, 9/10/19, 10/10/10, 10/23/19, 1/14/20" as dates of the alleged discriminatory acts and checked the box that "defendant(s) . . . is/are still committing these acts against me." *Id.*

1

Under section III(E), the form states that "[t]he facts of my case are as follows. Attach additional pages if needed . . . *(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*" *Id.* at 6. Martin wrote in the space provided by Section III(E): "[h]arrassment, retaliation, discrimination, and partial treatment." *Id.* He did not attach a copy of his charge filed with the EEOC or other state or city human rights division. The form complaint required Martin to attach a copy of the Notice of Right to Sue letter from the EEOC under Section IV(B) and include the date of the Notice. *Id.* Martin did not do this, but wrote, "charge # 474-2020-000-77." *Id.* Under Section(V) Relief, Martin states that he seeks "$1.5 millions for mental anguish, physical and mental trauma, and wage compensation. Punitive damages to not be able to treat anyone else this way. I recommend diversity classes for staff salary." *Id.* at 7.

In an untitled document attached to his complaint, Martin states that his lawsuit is for race discrimination against his employer (Ford).

> The accused Ford Motor co and its salary employees have been in violation of my 1964, and 1991 civil rights. And has recntly [sic] shown harsh retaliating disciplin [sic] of myself (Tony Martin) as results of my calling the Ford Harrasment [sic] Hot line to file a complaint with the company. These actions against me have been ongoing for at lease 2013 and most recently (1/14/2020). These and all accusations relating to this matter have been Documented an ready for viewing up on request of the court. I Tony Martin have been issued a right to sue from the louisville [sic], ky EEOC.

*Id.* at 8.

Ford moved to dismiss Martin's complaint, arguing it "falls far short of the requirements necessary to survive a motion to dismiss. There are no statements of fact at all as to what acts or omissions form the basis of the cause of action . . . [b]ecause Plaintiff's complaint omits any factual averments whatsoever, Ford is entitled to dismissal . . ." [DE 5-1 at 17].

Martin then moved to Proceed with Case, asking the Court to issue an order "of settlement of initial request at filing of suite [sic]" and stating Martin is entitled to relief because he has "open and shut evidence, some attached, see (attached union grievence [sic])!" [DE 6 at 20]. Martin attached a letter addressed to him from the Building Chairman of the Louisville Assembly Plan UAW Local 862 about Martin's grievances, "WC070119 was heard with the Company in Second Stage" and that "[i]n full and final settlement, the Company to remove penalty from record." [DE 6-1 at 22]. Martin also attached two separate Union Grievances for "Unjust Penalty." The first is dated 01/16/20 and labeled Grievance "GC011620A" for a penalty relating to alleged inappropriate behavior by Martin talking to nursing staff. The second is dated 7/1/19 and labeled Grievance "WC070119" relating to Martin allegedly failing to unload all the parts from a trailer. *Id*. at 23-24.

Ford filed a brief responding to Martin's Motion to Proceed with Case, stating Martin "has still failed to come forward with factual allegations that support the claims he is asserting. Moreover, the documents attached to the [Motion to Proceed with Case] shed no light on whatever claims or causes of action Plaintiff is asserting in this litigation."

Martin then moved for Fast and Speedy Trial. [DE 9]. In this motion, Martin states that:

> I feel that Fords [sic] representatives should file a motion for discovery instead of trying to end the case what they believe is a technicality. Ford Motor co. has continuously investigated [sic] said accusations against the company by me the Plaintiff regarding discrimination against their several staff members. I have proof as in my exibit [sic] of retaliation as well as witnesses that can confirm the violation against Ford.

[DE 9 at 29].

Martin also states:

3

> My charge of race discrimination should not be disputed for this claim because I did everything that I was instructed to do by the company, the union and myself.
>
> 1. I went to human resources
> 2. I called the company discrimination hotline several times
> 3. I filed a claim with the equall employment commission
> 4. After receiving a right to sue from the eeoc, I filed suit in the court of law
>
> A proven case of retaliation on an employee caries a minimum fee of ($300,000.00) three hundred thousand dollars to the plaintiff.

[DE 9 at 29].  Martin then alleges:

> I allege that Ford Motor co. Salary and hourly employees; discriminated against me with words. Calling me a (black bastard),
>
> Having me to do extra work that belonged to another employee so that they could leave early and I stay late.
>
> Harassed me on the company radio with jokes as other employees listened on.
>
> Exposed the fact that I called the hot line on the company to other employees when it should had been confidential.

*Id*. at 30.

Ford did not respond to Martin's Motion for Fast and Speedy Trial.

## II.      STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court

4

need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC,* 561

F.3d 478, 488 (6th Cir. 2009)  (citation omitted). "A pleading that offers labels and conclusions or

a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice

if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made,

if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an

insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485,

487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64). Discussing the plausibility requirement

in the context of claim of discrimination, the Sixth Circuit noted:

> [T]he Supreme Court established a "plausibility" standard in *Twombly* and *Iqbal*
> for assessing whether a complaint's factual allegations support its legal
> conclusions, and that standard applies to causation in discrimination claims . .
> .[t]hus, although the Amended Complaint need not present "detailed factual
> allegations," it must allege sufficient "factual content" from which a court,
> informed by its "judicial experience and common sense," could "draw the
> reasonable inference," *Iqbal*, 556 U.S. at 678, 679, 129 S. Ct. 1937, that [the
> defendant] "discriminate[d] against [the plaintiff] with respect to [her]
> compensation, terms, conditions, or privileges of employment, because of [her]
> race, color, religion, sex, or national origin.". . . According to the Supreme Court,
> "plausibility" occupies that wide space between "possibility" and "probability."
> *Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937. If a reasonable court can draw the necessary
> inference from the factual material stated in the complaint, the plausibility standard
> has been satisfied.

*Keys v. Humana, Inc.,* 684 F.3d 605, 610 (6th Cir. 2012) (some internal citations omitted).

"*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory" and "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Child.*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Finally, in deciding a motion to dismiss under Rule 12, the Court generally may not consider matters outside the pleadings without converting the motion into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

## III. DISCUSSION

Martin claims "[h]arassment, retaliation, discrimination, and partial treatment" in violation of Title VII based on race. [DE 1 at 4-6]. "The central inquiry of a Title VII claim is whether an employer discriminated against an employee because of her 'race, color, religion, sex,

or national origin.'" *Primm v. Dept. of Hum. Servs.*, No. 16-6837, 2017 WL 10646487, at \*2 (6th Cir. Aug. 17, 2017). Title VII "does not set forth 'a general civility code for the American workplace.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). It only protects employees from discrimination or harassment based on specific protected characteristics–race, color, religion, sex, or national origin. Familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) is inapplicable on a Rule 12(b)(6) motion to dismiss.[1] *Keys*, 684 F.3d at 609 ("The district court's requirement that [the plaintiff's] complaint establish a prima facie case under McDonnell Douglas and its progeny is contrary to Supreme Court and Sixth Circuit precedent.").

A work environment is actionable under Title VII if the workplace is "permeated with 'discriminatory intimidation, ridicule or insult' sufficiently severe or pervasive to alter the conditions of employment." *Hawkins v. Anheuser–Busch, Inc.*, 517 F.3d 321, 333 (6th Cir. 2008) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65-67 (1986)). "An adverse employment action has been defined as a materially adverse change in the terms and conditions of [a plaintiff's] employment[, such as] a significant change in employment status, including hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010). Disparate treatment occurs when an employer treats some employees less favorably than others because of race, religion, sex, or the like. *Huguley v. Gen. Motors Corp.*, 52 F.3d 1364, 1370 (6th Cir. 1995). "Title VII's antiretaliation provision forbids employer actions that 'discriminate

---

[1] The *McDonnell Douglas* burden shifting framework "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). And it does not apply when a Plaintiff presents direct evidence of discrimination rather than circumstantial evidence of discrimination. *Id.*

against' an employee . . . because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington*, 548 U.S. at 59 (quoting 42 U.S.C. § 2000e–3(a)).

Even under the less stringent standard applied to *pro se* litigants, Martin has failed to plausibly plead claims for discrimination under Title VII. Although Martin's complaint identifies Title VII and discrimination based on race in his complaint, his complaint, including the attachment he submitted with it, only makes general and conclusory claims of harassment, retaliation, discrimination, and partial treatment.[2] Martin alleges no underlying facts, such as examples of persons outside his protected class being treated differently by Ford or how the alleged discrimination manifested in disparate treatment. He does not identify any harasser, describe any examples of harassment, or explain how the alleged discrimination manifested itself in  hostile work environment. He does not explain how Ford took any adverse employment action against him. Ford is thus correct that Martin's complaint does not meet the minimum pleading standards and does not put Ford on notice of his claims to enable Ford to respond or answer in an informed way.

In Martin's Motion to Proceed with Case he attaches a letter and two forms related to his union grievances. But Ford is correct, Martin does not explain how these documents relate to his claims or help explain his claims.

Only in Martin's Motion for Fast and Speedy Trial does he state anything specific about his claims. He says that other "[s]alary and hourly employees; discriminated again me with words. Calling me a (black bastard), [h]aving me do extra work that belonged to another employee so that they could leave early and I stay late. Harassed me on the company radio with jokes as other

---

[2] Martin alleges "partial treatment." Given Martin's *pro se* status, the Court interprets this as disparate treatment.

employees listened on. Exposed the fact that I called the hot line on the company to other employees when it should had [sic] been confidential." [DE 9]. But these statements are outside the pleadings, and it would not be appropriate for the Court to consider them on Ford's motion to dismiss.

The Court liberally interprets Martin's Motion for Fast and Speedy Trial as an attempt to amend his complaint by adding facts. The Court has concerns about whether Martin's new statements are sufficient to state a claim. That said, given Martin's *pro se* status and his attempts to add additional facts in his later motions, the Court hesitates to dismiss Martin's complaint at this time without the opportunity to amend. Ford did not respond to the claims made in Martin's motion and allowing Martin to amend his complaint at this stage of the proceedings will not prejudice Ford. Thus, the Court will allow Martin to amend his complaint within 30 days of the entry of this order.

Martin must amend Section III(E) of the form complaint to add the facts stated in his Motion for Fast and Speedy Trial and **all** other facts that would support his claims. Martin's amended complaint must also attach a copy of the Notice of Right to Sue Letter from the Equal Employment Commission as required by Section IV(B) of the form complaint. If Martin does not timely amend his complaint, it will be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. If Martin timely amends his complaint, Ford may file an amended motion to dismiss or otherwise respond as appropriate.

## IV.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS AS FOLLOWS**:

(1) Defendant Ford Motor Company's Motion to Dismiss the Complaint [DE 5] is **DENIED;**

(2) Plaintiff Tony F. Martin's Motion to Proceed with Case [DE 6] is **DENIED;**

(3) Plaintiff Tony F. Martin's Motion for Fast and Speedy Trial [DE 9] is **DENIED;**

(4) Plaintiff Tony F. Martin has until **February 22, 2021** to file an amended complaint as set forth above, which amends:

> A. Section III(E) of the form complaint to add the facts stated in his Motion for Fast and Speedy Trial and **all** other facts that would support his claims;
>
> B. Attach a copy of the Notice of Right to Sue Letter from the Equal Employment Commission as required by Section IV(B) of the form complaint;

(5) Failure by Plaintiff Tony F. Martin to timely file an amended complaint may result in dismissal of his complaint;

(6) If Plaintiff Tony F. Martin timely amends his complaint, Defendant Ford Motor Company may file an amended motion to dismiss or otherwise respond as appropriate;

(7) The Court directs Plaintiff Tony F. Martin to the Court's website at https://www.kywd.uscourts.gov/filing-without-attorney, under Tab-filing without an attorney and Handbook for *Pro-Se* Non-Prisoner as a reference for future Court filings.

Copies to Counsel and Pro-Se Plaintiff