UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TONY F. MARTIN                                                                            Plaintiff

v.                                                                                 Civil Action No. 3:20-cv-440-RGJ

FORD MOTOR COMPANY                                             Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Ford Motor Company ("Ford") moves to dismiss Plaintiff Tony F. Martin's ("Martin's") claims against it. [DE 15]. Martin moved for Relief [DE 17] and to Continue [DE 18], and Ford replied [DE 19]. Martin also moved to Compel Discovery [DE 20], and Ford replied [DE 21] and moved to Stay Discovery [DE 22]. Martin replied. [DE 23]. These matters are ripe. For the reasons below, Ford's Motion to Dismiss [DE 15] is **GRANTED**, and Martin's Amended Complaint [DE 11] is **DISMISSED**. Martin's Motions for Relief [DE 17], to Continue [DE 18], and to Compel Discovery [DE 20] are **DENIED as moot**. Ford's Motion to Stay Discovery [DE 22] is **DENIED as moot.**

**I.     BACKGROUND**

On June 19, 2020, Martin filed a *pro se* complaint against Ford using a court-approved complaint form. [DE 1 at 1, 8]. Martin claims discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. [DE 1 at 4, 5]. Ford moved to dismiss the complaint for failure to state a claim [DE 5], and the court denied Ford's motion (as well as Martin's Motion to Proceed and Motion for Fast and Speedy Trial) and ordered Martin to amend his Complaint to include all facts supporting his claims. [DE 10]. On February 16, 2021, Martin filed an Amended Complaint. [DE 11].

Martin filed his Complaint after filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against Ford on the basis of race, color, and retaliation under Title VII. [DE 11-1 at 58-59]. The EEOC dismissed the charge and issued a Right-to-Sue ("RTS") notice on February 6, 2020. [DE 11-1 at 55-57]. The notice states, "[i]f you want to pursue your charge, you may do so on your own by filing in Federal District Court within 90-days of receiving the Notice of Right to Sue. If you do not file a lawsuit in the within the [sic] required 90-day period, your right to sue in the matter will expire and cannot be restored by the EEOC" and "[y]ou may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." [*Id.* at 55, 56 (emphasis in original)]. In his Proposed [Second] Amended Complaint, Martin lists the date he received the RTS letter from the EEOC as February 11, 2020. [DE 16 at 97].

Ford moves to dismiss Martin's Amended Complaint, stating his claims are time-barred and without merit. [DE 15]. Before the court are also Martin's Motion for Relief [DE 17], to Continue [DE 18], to Compel Discovery [DE 20], and Ford's Motion to Stay Discovery [DE 22].

## II.   STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court

need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64). Discussing the plausibility requirement in the context of claim of discrimination, the Sixth Circuit noted:

> [T]he Supreme Court established a "plausibility" standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims . . . .[t]hus, although the Amended Complaint need not present "detailed factual allegations," it must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, 679, 129 S. Ct. 1937, that [the defendant] "discriminate[d] against [the plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin.". . . According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

*Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (some internal citations omitted).

"*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory" and "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Child.*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Finally, in deciding a motion to dismiss under Rule 12, the Court generally may not consider matters outside the pleadings without converting the motion into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

### III.   DISCUSSION

In its motion to dismiss, Ford argues that Martin's claims are time-barred, because Martin did not sue within ninety days of receiving his right-to-sue notice from the EEOC. [DE 15-1 at 87-88]. Ford also argues that Martin's Amended Complaint should be dismissed because it fails

4

to state a claim upon which relief can be granted. [*Id.* at 88-90]. In his various motions and responses, Martin suggests that, although he did not meet the deadline, it should be tolled for four reasons: he recently had knee surgery, he lost the RTS notice and was trying to obtain a copy, he is *pro se*, and the EEOC had suspended RTS notices. [DE 17; DE 20-1 at 121].

### A. Right-to-Sue Notice

A Plaintiff seeking to recover in an employment discrimination lawsuit filed under Title VII must file a timely charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(e)(1). If the EEOC dismisses the charge, it must notify the claimant of the dismissal and the right to bring a civil action. 42 U.S.C. §§ 2000e–5(f)(1), 12117(a); 29 C.F.R. § 1601.18(b), 1601.28(b)(3). The claimant must bring the action within ninety days after receiving a right-to-sue letter. *Id.* While the ninety-day requirement is not jurisdictional (and therefore is subject to waiver, estoppel, and equitable tolling), "[t]he federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557-60 (6th Cir. 2000). *See also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam) ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants"); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"). The ninety-day requirement begins running when the plaintiff receives notice, which is presumed "on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address." *Graham-Humphreys*, 209 F.3d at 557. The presumption applies unless the plaintiff "rebuts that presumption with proof that he [ ] did not receive notification within that period." *Id.*

Martin filed an EEOC charge of discrimination on the basis of race, color, and retaliation under Title VII. [DE 11-1 at 58-59]. The EEOC dismissed the charge and mailed the dismissal and a notice or right-to-sue on February 6, 2020. [DE 11-1 at 55-57]. This lawsuit was filed on June 19, 2020, thirty-nine days past Martin's deadline based on the right-to-sue letter.[1] [DE 1-1 at 1, 8]. For that reason, Martin's Complaint was untimely. *See Peete v. Am. Standard Graphic*, 885 F.2d 331, 331 (6th Cir. 1989) (affirming order that found complaint filed ninety-one days after plaintiff actually received his RTS notice was time-barred by one day). "Where, as here, a defendant raises a statute of limitations defense, dismissal is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the statute of limitations has run." *Reed v. Ohio State Univ. Med. Ctr.*, No. 2:12-CV-241, 2012 WL 5378379, at *4 (S.D. Ohio Oct. 31, 2012); *see also DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890 (S.D. Ohio 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)) ("[S]ometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate.") (alteration in original) (internal quotation marks omitted).

1. Equitable Tolling

Because Martin is a *pro se* litigant, the Court considers whether factual circumstances justify equitable tolling of the ninety-day filing requirement. Equitable tolling applies when a litigant does not meet a deadline due to circumstances beyond that litigant's control. *See Graham–Humphreys*, 209 F.3d at 560–61. The Sixth Circuit considers five factors when evaluating whether equitable tolling applies: "1) lack of notice of the filing requirement; 2) lack of constructive

---

[1] Because the ninety-day requirement begins running on the fifth day after the EEOC mails the right to sue letter, it would begin running on February 11, 2020. *Graham-Humphreys*, 209 F.3d at 557. Ninety days after this date brings the deadline to May 11, 2020. Martin does not suggest an alternate calculation or argue that his suit was filed within the ninety-day deadline.

knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement." *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). These factors are not comprehensive, nor are all five factors material in all cases, and equitable tolling should be determined case-by-case. *Graham–Humphreys*, 209 F.3d at 561; *Truitt*, 148 F.3d at 648.

### a. Notice and knowledge

Martin had notice and knowledge of the filing requirement. The right-to-sue notice clearly stated the 90-day filing deadline and the consequences for failing to timely file. [DE 11-1 at 55, 56 (emphasis in original)]. In his Proposed [Second] Amended Complaint, Martin lists the date he received the RTS letter from the EEOC as February 11, 2020. [DE 16 at 97]. Martin received constructive notice on February 11, 2020, five days after the date of the RTS notice, and has admitted receiving the letter on that date. Martin does not claim lack of knowledge or notice of the filing requirement, and the Court finds that he had both. *See also Ramsey v. Metro. Nashville Hosp. Auth.*, No. 3:12-CV-1184, 2015 WL 1034352, at *3 (M.D. Tenn. Mar. 10, 2015) (finding plaintiff received constructive notice within five days of the date of the RTS notice, and admission of receiving the letter was evidence of same) *and Graham Humphreys*, 209 F.3d at 561–62 (declining to apply equitable tolling when plaintiff knew she was required to commence her complaint within a finite period and had abundant time following receipt of the notice in which to sue before expiration of the deadline). This factor does not favor equitable tolling of the deadline.

*b. Diligence*

Martin was also not diligent in pursuing his rights. While he was aware of the deadline for filing his lawsuit, he presents no evidence to explain why he was unable to file within the deadline, other than in his Motion for Relief: [DE 17]:

> The plaintiffs suit was filed timely in that, the plaintiff had just went through therapy for knee surgery, and that the EEOC was very hard to get ahold of to retain a copy of the lost right to sue letter. Though I was late, I did try.

Martin appears to imply that he lost his RTS letter and spent the 90 days trying to procure a copy. Even if the letter was lost, Martin did not provide any evidence that he had sought to receive a new letter. Furthermore, while the Court has sympathy for Martin's personal circumstances, it cannot set aside the procedural requirement established by Congress out of sympathy. *See Baldwin County Welcome Center*, 466 U.S. at 152. Martin has unfortunately failed to demonstrate that circumstances outside of his control failed to keep him from failing his complaint with regard to diligence. *See Graham–Humphreys*, 209 F.3d at 560–61. This factor does not favor equitably tolling the filing deadline.

*c. Prejudice to Defendant*

There would not be prejudice to Ford. Although thirty-nine days past the deadline does not obviously prejudice a defendant's ability to defend against a plaintiff's claims, lack of prejudice, without more, is not enough to justify equitably tolling the filing deadline. *See Baldwin County Welcome Center*, 466 U.S. at 152.

*d. Ignorance*

As Martin himself stated in his Motion for Relief, "I was late." [DE 17]. Martin had both notice and knowledge of the filing deadline, as discussed above. Logically, Martin was not

ignorant of the requirement, and the Court cannot find this factor favors equitably tolling the filing deadline.

   *e. Additional arguments*

  Martin also cites the Court's policy on *pro se* litigants:

> The court will take into consideration
>
> that you are a PRO SE litigant and untrained in drafting legal documents. You should, however, make every
>
> effort to state your case in clear, concise terms. See Rule 8 and 10 of the Federal Rules of Civil Procedure.

[DE 17]. Plaintiff's pro-se status does not excuse his failure to comply with the 90-day filing requirement. *See, e.g.*, *Anderson v. Hamilton Cty. Bd. of Comm'rs*, No. 1:05CV344, 2006 WL 2709767, at *3 (S.D. Ohio Sept. 20, 2006); *cf. Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (Plaintiff's *pro se* complaint "was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware.").

Finally, Martin cites the change in EEOC's policy on issuing RTS notices because of COVID:

> At the end of an investigation the EEOC generally issues a Notice of Right to Sue (Notice) to charging parties. Once you have received a Notice, you must file your lawsuit within 90 days. This deadline is set by law and cannot be changed by the EEOC. If you do not file in time you may be prevented from going forward with your lawsuit. On March 21, 2020, the EEOC suspended the issuance of charge closure documents unless a charging party requests them. On August 3, 2020, the EEOC announced that it will begin issuing Notices that had been suspended, as well as issuing newly processed Notices.
>
> EEOC Covid rules
>
> The EEOC also recognizes that, because of the National Emergency, applicants who utilize the EEO complaint process may face challenges that preclude them from meeting the regulatory timeframes set forth in 29 CFR Part 1614.
>
> At the end of an investigation the EEOC generally issues a Notice of Right to Sue (Notice) to charging parties. Once you have received a Notice, you must file your lawsuit within 90 days. ... On March 21, 2020, the EEOC suspended the issuance of charge closure documents unless a charging party requests them.

[DE 20-1 at 121].  Martin's RTS notice is dated February 6, 2020, before the EEOC's enactment of 'COVID rules' on March 21, 2020.  [DE 11-1 at 55; DE 20-1 at 121].

Of all the factors discussed, only a lack of prejudice to Ford favors equitably tolling the deadline, and lack of prejudice, without more, is not enough to justify equitably tolling the filing deadline.  *See Baldwin County Welcome Center*, 466 U.S. at 152.  Thus, the Court finds that Martin's failure to timely file his complaint requires dismissal under Rule 12(b)(6).  The Court need not address the remaining arguments raised in the motions before the Court.[2]

---

[2] *See, e.g.*, *Spurlock v. Synthes (USA)*, No. 12-2947, 2013 WL 4739703, at *6 (W.D. Tenn. Sept. 3, 2013).

10

## CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Ford's Motion to Dismiss [DE 15] is **GRANTED;**

(2) Martin's Amended Complaint [DE 11] is **DISMISSED with prejudice**;

(3) Martin's Motions for Relief [DE 17], to Continue [DE 18], and to Compel Discovery [DE 20] are **DENIED as moot**;

(4) Ford's Motion to Stay Discovery [DE 22] is **DENIED as moot.**

Rebecca Grady Jennings, District Judge
United States District Court

October 29, 2021

Cc:     Plaintiff, pro se

     Counsel of record